IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE RODRIGUEZ,           § | | |
|     Petitioner,           § | | |
|                                   § | 3:16-CV-1415-L | |
| v.           § | 3:14-CR-0128-L (02) | |
|                                   § | | |
| UNITED STATES OF AMERICA,           § | | |
|     Respondent.           § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846 (a)(1) (Count One), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 942(c)(1)(A)(i) (Count Two). The district court sentenced Petitioner to 48 months on Count One, and 60 months on Count Two, to run consecutively. Petitioner did not file an appeal.

On May 17, 2016, Petitioner filed the instant § 2255 motion. He argues:

1.     His sentence was unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015); and

2.     His sentence was improperly enhanced for possession of a firearm.

On July 21, 2016, the government filed its answer. The Court finds the petition should be denied.

## II. Discussion

1. **Waiver**

Petitioner waived the right to file the instant § 2255 petition. Pursuant to his plea agreement, Petitioner waived the right to collaterally attack his sentence except for claims that his plea or waiver were involuntary or claims of ineffective assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Petitioner has not alleged that his plea or waiver were involuntary. His claims are therefore waived.

2. ***Johnson v. United States***

Petitioner claims his sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA). Petitioner, however, was not sentenced under the ACCA. The *Johnson* decision therefore has no application to his sentence, and this claim should be denied.

3. **Enhancement**

Petitioner claims his sentence was wrongfully enhanced two levels under § 2D1.1(b)(1) of the sentencing guidelines due to the use of a dangerous weapon. The PSR shows, however, that Petitioner did not receive an enhancement under § 2D1.1(b)(1). The PSR states that because Petitioner pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 942(c), which imposed a mandatory five-year term to run consecutive to any other sentence imposed, the enhancement did not apply. *See* PSR ¶ 51 (citing USSG §

2K2.4 comment n.4.) Petitioner therefore did not received a two-level increase for use of a dangerous weapon.

**4.    Furtherance of Drug Trafficking**

Petitioner challenges his conviction for possession of a firearm in furtherance of a drug trafficking crime by arguing that the gun was merely present. Petitioner, however, admitted in his factual resume that he knowingly possessed a firearm in furtherance of a drug trafficking crime. (ECF No. 32 at 2.) He also pled guilty to the charge. Petitioner's guilty plea relieved the government of its constitutional burden to put forth evidence to sustain the conviction. *See United States v. Broce*, 488 U.S. 563, 569 (1989). This claim should be denied.

Additionally, this claim is procedurally barred. When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). Petitioner has failed to show cause for failing to raise this claim on direct appeal and has failed to show he is actually innocent. The claim is therefore procedurally barred.

**III. Recommendation**

The Court recommends that the petition to vacate, set-aside, or correct sentence under § 2255 should be denied.

Signed this 3 day of July, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).